Daniel Berko SBN 94912
LAW OFFICE OF DANIEL BERKO
819 Eddy Street
San Francisco, CA 94109
Tel: (415) 771-6174
Fax: (415) 474-3748
Berkolaw@sbcglobal.net

Robert Burch SBN 88802
220 Main Street, Suite 5A
Nevada City, CA 95959
Tel: (530) 265-2302
Fax: (530) 265-2347

Attorneys for Plaintiff, Kevin M. Thompson

ORIGINAL FILED

JUL - 8 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEVIN M. THOMPSON,

    Plaintiff,

-vs-

NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK; STEVE
SHELTON; PAT WILLICK; JOE DEELY
and DOES 1 - 15, inclusive,

    Defendants.

Case No. CV 08 3280 MEJ

COMPLAINT FOR WRONGFUL
TERMINATION; EMPLOYMENT
DISCRIMINATION; RETALIATION,
HARRASSMENT; BREACH OF
CONTRACT

(JURY TRIAL DEMANDED)

Plaintiff KEVIN M. THOMPSON by and through his attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. §§ 12101, 2000e-2, 45 U.S.C. § 51 and 49 U.S.C. § 20109. Plaintiff invokes jurisdiction over his federal claim pursuant to the provisions of 45 U.S.C. § 56.

---

COMPLAINT FOR DAMAGES

1

2. Plaintiff invokes jurisdiction over his state law claims pursuant to the provisions of 28 U.S.C. § 1367. The claims that arise under state law relate to claims within the original jurisdiction of this Court such that the federal and state claims form part of the same case and controversy under Article III of the United States Constitution.

## PARTIES

3. Plaintiff KEVIN M. THOMPSON, ("Plaintiff") is a United States citizen and an adult male. While employed by Defendant AMTRAK, Plaintiff resided in Nevada City, California and worked in Oakland, Sacramento California and Reno, Nevada.

4. Defendants named herein are:

(a) NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK (hereinafter "AMTRAK") is now and at all times mentioned herein was a private entity, organized and created by the United States, to provide rail travel for hire for passengers and freight throughout the United States: and

(b) STEVE SHELTON, PAT WILLICK, and JOE DEELY are now and at all times mentioned herein were managers and officials of Defendant AMTRAK with sufficient authority to bind AMTRAK with regard to employment decisions which adversely affected Plaintiff's employment and working conditions.

5. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 15, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries were proximately caused by their conduct. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6. At all times herein mentioned, each Defendant was an employee and agent of each remaining Defendant, and acted within the scope of said employment and agency when committing the acts and omissions described in this Complaint. MR. THOMPSON believes and alleges that each wrongful act and omission by a Defendant was committed with express or implied approval of every other Defendant, and that each Defendant ratified and approved all acts and omissions of the others.

## FACTUAL ALLEGATIONS

7. Plaintiff has been employed as a passenger conductor at AMTRAK since July 3, 1990. He has been employed in many locations throughout the AMTRAK system. During his employment with AMTRAK, Plaintiff consistently received accolades and positive performance reviews.

8. After and because of reporting gross violations of federal and state laws and AMTRAK internal policies and procedures, Plaintiff was terminated from employment. The violations that Plaintiff complained of included, but were not limited to, verbal and physical harassment engaged in by Pat Willick against Plaintiff because Plaintiff complained that Pat Willick had granted favorable treatment to another AMTRAK employee because she was having sex with Pat Willick and because Plaintiff complained that Pat Willick had been verbally abusive to Plaintiff and threw objects at Plaintiff endangering Plaintiff, passengers and employees on a train, and that Willick was witnessed in possession of a firearm upon AMTRAK property.

9. On February 13, 2008, Pat Willick, an assistant superintendent of AMTRAK with the concurrence of Steven Shelton, superintendent of AMTRAK terminated Plaintiff for alleged unavailability for duty.

10. On January 10, 2008 Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ((hereinafter referred to as "EEOC") against AMTRAK.

11. On April 9, 2008, the EEOC issued his notice of his right to sue, which he received on or after April 14, 2008. Plaintiff also received a right to sue letter from the California Fair Employment and Housing Commission in the last 365 days.

## DAMAGES

12. As a result of the acts alleged herein, Plaintiff sustained and will continue to sustain substantial loss of earnings, and benefits in an amount to be determined according to proof. In addition, Plaintiff has suffered and will continue to suffer damages to his career and reputation, in an amount to be determined according to proof.

13. As a further proximate result of the Defendants' actions as alleged herein, Plaintiff was humiliated, hurt and injured in his health, strength and activity, and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, post traumatic stress disorder, panic disorders, adjustment disorders and a general loss of self-esteem and well-being, all to Plaintiff's damage in an amount to be shown according to proof.

14. Defendant AMTRAK's acts were willful, wanton, malicious and oppressive in that it knew or should have known that its conduct was unreasonable and illegal. Furthermore, Defendant AMTRAK's acts were carried out in willful and conscious disregard of Plaintiff's rights and well being, entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant AMTRAK.

## FIRST CLAIM FOR RELIEF
### (RETALIATION - VIOLATION OF FEHA)

4

15. Plaintiff incorporates by reference Paragraphs 1 through 14, as if fully set forth herein.

16. During the years of his employment with Defendant AMTRAK and commencing on or about April 17, 2007, Plaintiff had a reasonable good faith belief that the actions of the Defendants violated federal and state laws and AMTRAK internal policies and procedures.

17. Based upon this belief, in October 2007, Plaintiff complained in writing to his supervisors regarding Defendants' unlawful actions including harassment (Oct 18, 2007 letter)

18. Subsequently, Defendant AMTRAK was aware that Plaintiff engaged in protected activity, including but not limited to the complaint he filed with AMTRAK's Inspector General's office.

19. As a result of Plaintiff's protected activity, Defendant AMTRAK subjected Plaintiff to adverse treatment, including but not limited to his termination.

20. In violation of the provisions of 49 United States Code §20109, Defendants, their agents, representatives and employees retaliated against Plaintiff for exercising his statutorily protected rights.

21. In committing the acts and omissions alleged herein, Defendants intentionally, and without justification, deprived Plaintiff of the rights, privileges and immunities secured to him by the Constitution and laws of the United States.

22. In doing each and all of the acts alleged herein, Defendants acted in conformance with AMTRAK's official policy, custom and practices of tolerating, encouraging and approving retaliation.

23. In further violation of FEHA, Defendants, their agents, representatives and employees retaliated against Plaintiff for exercising his statutorily protected rights.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
## (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)

23. Plaintiff incorporates by reference Paragraphs 1 through 22, as if fully set forth herein.

24. The right to discharge an employee under any contract of employment is limited by considerations of public policy.

25. There exists a fundamental public policy in the state of California and in the United States as reflected in California Labor Code § 1102.5, subdivision (b), which prohibits employer retaliation against an employee who reports a reasonably suspected violation of the law. This statute reflects the broad public policy interest in encouraging workplace whistle blowers, who may without fear of retaliation, report concerns regarding an employer's illegal conduct. This public policy extends to employees who are not directly protected by the statute itself because Labor Code § 1102.5 evinces a strong public interest in encouraging employee reports of illegal activity in the workplace. An employer may not terminate an employee for disclosing to a government agency or management the employer's possible illegal conduct without violating fundamental public policy.

26. Plaintiff engaged in activity protected by the fundamental public policy set forth in Labor Code § 1102.5 when he filed a complaint in response to the gross violations of federal and state laws and AMTRAK internal policies and procedures alleged herein. Plaintiff is informed and believes and thereupon alleges that this activity was a motivating factor behind the retaliation, which subsequently led to his termination.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

## THIRD CLAIM FOR RELIEF
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

27. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 26, inclusive, as if fully set forth herein.

28. In doing each and all of the acts alleged herein, Defendants engaged in a course of conduct, which was intentional, extreme and outrageous. Defendants retaliated against Plaintiff with wanton and reckless disregard of the harm or injury that might result to Plaintiff, for reporting its unlawful conduct.

29. As the proximate result of the acts above, Plaintiff suffered humiliation, mental anguish, and severe emotional and physical distress.

30. The acts of Defendants alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

31. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. Defendants had a statutory duty to take affirmative steps to prevent harassment and/or a hostile work environment from occurring, and to take proper remedial steps to end harassment and hostility once it became known to it (See 42 U.S.C. §2000e *et seq.* and California Government Code §12940, *et seq.*).

33. Defendants also had a duty to refrain from discriminating against any employee who has opposed any practices forbidden by Government Code § 12940 and to refrain from aiding,

abetting, inciting, compelling, or coercing the doing of any of the acts forbidden by Government Code § 12940, *et seq.*

34. Defendants knew or should have known that their failure to exercise due care in its response to Plaintiff's complaints of unlawful conduct would cause Plaintiff severe emotional distress.

35. Defendants breached their duty of care to Plaintiff by failing to engage in fair, if any, investigation of Plaintiff's complaints of gross violations of federal and state laws and AMTRAK's internal policies and procedures and then by retaliating against Plaintiff for complaining about the aforementioned activities.

36. In doing each and all of the acts alleged herein, Defendant engaged in a course of conduct, which was grossly negligent, extreme and outrageous. Defendants engaged in said course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to Plaintiff.

## FIFTH CLAIM FOR RELIEF
### (VIOLATION OF AMERICANS WITH DISABILITY ACT)

37. Plaintiff incorporates by reference Paragraphs 1 through 36, as if fully set forth herein.

38. On or about December 14, 2007 Plaintiff was unable to work because he was suffering from serious mental illness.

39. Defendant discriminated against Plaintiff due to his disability by using the disability as a pretext to find cause to fire Plaintiff, including claiming that Plaintiff was absent without leave from his job, even though Plaintiff had notified Defendants of his disability and the reasons why he was unable to work. Instead of processing Plaintiff's requests for medical leave as they

promised they would, Defendants used Plaintiff's absence from work to aid them in coming up with pretextual reasons to fire Plaintiff.

### SIXTH CLAIM FOR RELIEF
### (VIOLATION OF TITLE VII)

40. Plaintiff incorporates by reference Paragraphs 1 through 39, as if fully set forth herein.

41. Defendants showed extreme favoritism towards Christine Tuohy because of her sexual relationships with Pat Willick and/or others.

42. Because of Plaintiff's complaints of the relationship, Defendants retaliated against him as described herein.

43. In addition, the atmosphere of favoritism toward Tuohy, because of her sexual relationship with Willick and/or others, altered the conditions of Plaintiff's employment and created a hostile and abusive working environment.

**WHEREFORE,** Plaintiff prays for judgment against Defendant and each of them as follows:

1. Compensatory and special damages, including but not limited to, lost wages and benefits, and damages for mental and emotional distress, according to proof at trial;

2. For back pay and the monetary value of lost fringe benefits;

3. For prejudgment interest at the legal rate upon the amount of Plaintiff's monetary losses; and

4. Punitive and exemplary damages in an amount appropriate to punish and make an example of Defendant AMTRAK, to be determined at the time of trial;

5. Such other and further relief as the Court deems just and proper.

Dated: July 8, 2008

DANIEL BERKO, Attorney for Plaintiff,
KEVIN M. THOMPSON

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) and all other appropriate rules of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable to a jury in each and every cause of action of his Complaint.

Dated: July 8, 2008

DANIEL BERKO, Attorney for Plaintiff,
KEVIN M. THOMPSON